# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Anderson | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4773 | **DATE** | 2/20/2003 |
| **CASE TITLE** | Cytomedix, Inc. vs. Safeblood Technologies, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the defendants' motions to dismiss for lack of subject matter jurisdiction and for lack of personal jurisdiction [8-1] are granted. The motion to transfer to the U.S.District Court for the Eastern District of Arkansas [8-2] is denied as moot. This case is terminated. This is a final and appealable order. All other pending motions, including the motion for reassignment, are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYTOMEDIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 02 C 4773 | |
| | ) | |
| SAFEBLOOD TECHNOLOGIES, | ) Wayne R. Andersen | |
| INC., JIM LIMBIRD, CHARLES | ) District Judge | |
| WORDEN, JR., CARL KELLER, | ) | |
| DARLA BRADLEY, CAROL | ) | |
| MELLINGER and NICK LIMBIRD, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
FEB 2 1 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendants to dismiss for lack of subject matter jurisdiction or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Arkansas. For the following reasons, the motion to dismiss for lack of subject matter jurisdiction is granted and the motion to transfer is denied as moot.

### BACKGROUND

Plaintiff Cytomedix, Inc. is in the business of developing, licensing, and distributing autologous cellular therapies using the patient's own platelets and other blood components for treatment of chronic wounds. The plaintiff's primary therapy involves the production of a composition, called AutoloGel, which is applied to wounds or other damaged tissue to facilitate healing. The healing resulting from application of AutoloGel mimics the body's natural healing process by delivering a variety of growth factors and providing a cellular matrix on which new tissue can grow. Cytomedix owns domestic and foreign patents, and has other patents pending, that cover the use of AutoloGel in treating wounds or other damaged tissue. At issue in the

instant case are U.S. Patent No. 5,165,938 (the "938 Patent") and U.S. Patent No. 6,303,112 (the "112 Patent"). Defendant Safeblood Technologies, Inc. is a competitor in the autologous cellular therapies industry and individual defendants Jim Limbird, Charles Worden, Carl Keller, Darla Bradley, Carol Mellinger, and Nick Limbird are all employees of Safeblood.

On August 7, 2001, Cytomedix filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Northern District of Illinois. The bankruptcy court docket reflects that, on June 7, 2002, Chief Bankruptcy Judge Eugene Wedoff entered an order confirming Cytomedix' First Amended Plan of Reorganization. On June 27, 2002, Bankruptcy Judge Wedoff entered an order approving technical amendments to the plan of reorganization. On July 3, 2002, subsequent to the entry of the confirmation order, Cytomedix filed the instant complaint alleging infringement of its '938 and '112 patents and other related causes against the defendants. Both parties agree that Cytomedix' confirmed plan of reorganization became effective on July 11, 2002, when it drew against at least $2.8 million in fresh capital raised in a private placement offering. On August 20, 2002, the defendants filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, a motion to transfer, which is now fully briefed.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a

motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). We note, however, that it is proper to look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (citing *Bowyer v. United States Dep't of Air Force*, 874 F.2d 632, 635 (7th Cir. 1989)).

The primary issue presented in the motion to dismiss is whether this Court has subject matter jurisdiction to hear the plaintiff's complaint. Instead of asserting patent law jurisdiction over its infringement and unfair competition claims pursuant to 28 U.S.C. § 1338, Cytomedix has characterized its suit as an adversary proceeding "related to" its federal bankruptcy case pursuant to 28 U.S.C. § 1334(b). The defendants object to the plaintiff's characterization of this Court's jurisdiction and argue instead that the circumstances of this case take it outside of our "related to" powers. This dispute is significant because, if this case is governed by our bankruptcy jurisdiction, then we can exert personal jurisdiction over all the defendants under the nationwide service of process provisions of the Federal Rules of Bankruptcy Procedure. On the other hand, if there is no "related to" jurisdiction, then we do not have personal jurisdiction over the defendants and it is likely that Illinois is not a proper venue for this dispute.

Proceedings in bankruptcy are divided into three categories: 1) civil proceedings arising under title 11; 2) civil proceedings arising in a case under title 11; and 3) civil proceedings related to a case under title 11. *See* 28 U.S.C. §§ 157(a), 1334(b). Proceedings that can be said to "arise under" title 11 or "arise in" a case under title 11, "arise during the bankruptcy

3

proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994). The Seventh Circuit has adopted a narrow definition for proceedings "related to" a bankruptcy case, holding that the dispute must directly affect "the amount of property for distribution or the allocation of property among creditors." *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). *See also In re Fedpak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996); *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991); *Home Ins. Co. v. Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989). A mere overlap between the bankrupt's affairs and another dispute is insufficient unless that dispute directly affects either the assets of the estate or their distribution to creditors. *See In re White Trailer Corp. v. HPA Asset, L.L.C.*, 222 B.R. 322, 325 (Bankr. N.D. Ind. 1998).

In support of the argument that this Court has "related to" jurisdiction over this case, Cytomedix contends that the instant patent infringement lawsuit was filed a few days before the effective date of its confirmed plan of reorganization, and that, even if its patent suit was not included in the bankruptcy estate for purposes of distribution to creditors, the outcome of this case will impact creditor recovery through its influence on the company's stock. On the other hand, the defendants argue in their motion to dismiss that this case, at its core, is a straightforward patent suit whose outcome will have no impact on the implementation of Cytomedix' post-bankruptcy reorganization.

Resolution of this jurisdictional issue is complicated by the fact that three judges of this Court have ruled in contradictory fashions. Judge Zagel and Bankruptcy Judge Wedoff have concluded that the issues presented in this case satisfy the requirements for the exercise of "related to" jurisdiction. *See Cytomedix, Inc. v. Little Rock Foot*, ___ B.R. ___, 2002 WL

31837958, at *2 (N.D. Ill. Dec. 12, 2002) (Zagel, J.); *Cytomedix, Inc. v. LB Hyperbarics, Inc.*, 02 A 1275 (Bankr. N.D. Ill. Oct. 31, 2002) (Wedoff, B.J.). However, Judge Kennelly reached a different conclusion. He ruled that "related to" jurisdiction was lacking because the patent infringement case was "wholly unrelated to Cytomedix's bankruptcy." *Cytomedix, Inc. v. Perfusion Partners & Assoc., Inc.*, ___ F. Supp. 2d ___, 2003 WL 223471, at * 4 (N.D. Ill. Feb. 3, 2003) (Kennelly, J.). This Court concludes that Judge Kennelly was correct in holding that "related to" bankruptcy jurisdiction does not exist in this case.

This Court's holding in this case is centered on the belief that, once a bankruptcy court has entered an order confirming a plan of reorganization, a federal court's "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b) is severely limited. As the Seventh Circuit has so colorfully stated:

> Once the bankruptcy court confirms a plan of reorganization, the debtor may go about its business without further supervision or approval. The firm also is without the *protection* of the bankruptcy court. It may not come running to the bankruptcy court every time something unpleasant happens. . . Formerly a ward of the court, the debtor is emancipated by the plan of reorganization.

*Pettibone Corp. v. Easley*, 935 F.2d 120, 122 (7th Cir. 1991) (citing *Xonics*, 813 F.2d at 130-32). *See also In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) ("After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."). Though "related to" jurisdiction can extend to post-confirmation disputes, *see In re S.N.A. Nut Co.*, 206 B.R. 495, 500 (Bankr. N.D. Ill. 1997), the exercise of such jurisdiction is appropriate "only to ensure that reorganization plans are implemented and to protect estate assets devoted to implement the confirmed plan." *Perfusion Partners*, 2003 WL 223471, at *2.

5

In this case, we will assume, for purposes of this motion, that Bankruptcy Judge Wedoff's June 27, 2002 order approving the technical amendments to the plan of reorganization constituted the final judicial action required for confirmation. Thus, in the opinion of this Court, June 27, 2002 was the day on which our "related to" jurisdiction terminated. We reach this conclusion despite Cytomedix' argument that the operative provisions of the plan of reorganization did not become effective until July 11, 2002. It is clear from the controlling circuit precedent that the date of entry of the order confirming the reorganization plan, and not the "effective" date of the plan, is generally the moment at which bankruptcy jurisdiction terminates.

We feel that the date of confirmation is as good a benchmark as any to circumscribe the broad powers of the federal courts in the area of bankruptcy. If this were not the case, the potential for manipulation could be extreme. A contrary result would allow a debtor for whom a plan has been confirmed to insert into its plan any future "triggering" effective date and then, in the meantime, avail itself of all the extraordinary powers of the bankruptcy court. Both the debtor and its creditors must expect that, at some definitive point in time, the debtor will leave the shelter of the bankruptcy court and once again enter the normal business world. In this case, Cytomedix' rebirth as a reorganized entity took place on June 27, 2002 and not July 11. Contemporaneous with this rebirth was the expiration of our "related to" jurisdiction. Thus, this Court lacks subject matter jurisdiction to hear this suit.

Additionally, to the extent that Judge Kennelly's opinion addresses arguments and issues not raised in this opinion, this Court agrees with his reasoning and conclusions (particularly with respect to the outcome of the patent infringement case on the distribution of the estate or the

allocation of property among creditors) and adopts them by reference as our own. Accordingly, because Cytomedix chose to base its jurisdictional allegations solely on 28 U.S.C. § 1334(b) and because we have concluded that Section 1334(b) jurisdiction does not exist here, the motion to dismiss for lack of subject matter jurisdiction filed by Safeblood is granted.

Finally, the individual defendants have also filed a motion to dismiss for lack of personal jurisdiction. They argue that they live in Arkansas, the allegedly infringing activity took place in Arkansas, and that they have no personal or economic contacts with Illinois. In response to the motion, Cytomedix refers only to the nationwide service of process standards set forth in 28 U.S.C. § 1334 and Federal Rule of Bankruptcy Procedure 7004(d). Because we have concluded that bankruptcy jurisdiction is not applicable in this case, we agree with Judge Kennelly that Cytomedix has failed to demonstrate some basis, independent of the bankruptcy provisions, to exercise personal jurisdiction over the individual defendants. Therefore, the individual defendants' motion to dismiss for lack of personal jurisdiction is granted.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss for lack of subject matter jurisdiction and for lack of personal jurisdiction [Docket #8-1] are granted. The motion to transfer to the United States District Court for the Eastern District of Arkansas [Docket #8-2] is denied as moot. This case is terminated. This is a final and appealable order. All other pending motions, including the motion for reassignment, are denied as moot.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: 2-20-03